Turcotte, J.
This is an action in which the plaintiffs seek to recover on a promissoiy note from the defendants Eric S. Porter, Harris J. Porter and Christopher G. Mehne individually and as trustees of Late Night Realty Trust In response to the plaintiffs complaint, the individual defendant Eric S. Porter filed a motion for summary judgment with an affidavit Defendants Harris J. Porter and Christopher G. Mehne individually each filed a Motion to Dismiss with affidavits and copies of the Late Night Realty Trust Agreement. The court heard defendant Eric S. Porter’s motion for summary judgment and the motions to dismiss filed by defendants Harris J. Porter and Christopher G.MehneonAugust8,1989 and took the motions under advisement The plaintiffs’ complaint had alleged $3900.00 due the plaintiffs. On August 8,1989, the plaintiffs filed a motion to amend the complaint seeking payment of principal as well as interest and penalties increasing the claim of damages to $81,447.50, and the plaintiffs filed a motion for summary judgment against each defendant individually, and against all defendants as Trustees of Late Night Realty Trust The motion to amend the complaint was marked for hearing and heard on August 15,1989. . It was allowed on September 20,1989, but there was no notice of allowance sent to the individual defendants. The plaintiffs’ motion for summary judgment was never heard although the court had ordered on August 8,1989 that it be heard at a later date. Plaintiffs’ motion for summary judgment against all defendants was allowed on September 29,1989. Defendant Eric S. Porter’s motion for summary judgment and defendants Harris J. Porter and Christopher G. Mehne’s Motion to Dismiss were denied on October 3,1989. The individual defendants claim to be aggrieved by the allowance of the motion for summary judgment against them in their individual capacity.
This is not a case where the judge acted on the defendants’ motions to dismiss and treated them as motions for summary judgment and thereafter found against them or found against Eric Porter on his motion for summary judgment The judge first allowed the plaintiffs' motion for summary judgment, and five days later acted on the defendants’ motions. It is clear the judge here acted after he was satisfied he had all the relevant material that could be presented, since he acted counter to his own statement that there would be a hearing on the plaintiffs’ motion for summary judgment. The judge had before him not only the affidavit of the plaintiff, but affidavits by all the defendants. The basis for each defendant’s motion was that there was no personal liability under the terms of the note and the trust instrument referred to in the note. He also had a copy of the trust Areadingofthatmaterialraisesthequestion *72 whether giving the defendants an opportunity to be heard on the plaintiffs motion for summary judgment and submitting additional affidavits will result in any new material being presented to the court. However, it is clear they were denied an opportunity to be heard in accordance with the trial judge’sprior order and contrary to the provisions of Dist /Mun Cts. R. Civ. P., Ride 56 (c) which requires a hearing. The amendment of the complaint from a $4000.00 claim to twenty times that amount makes their right to a hearing and the right to submit affidavits concerning the motion for summary judgment on the amended complaint of much importance. The judge’s decision that no more material would be provided was in error, since there may be additional affidavits that raise factual questions that require trial.
Since the trustees filed no request for a report we make no order as to the judge’s action as to the trust Judgment as to the individuals is vacated.